UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| BOBBIE J.,[1] | : Case No. 3:20-CV-027 |
| Plaintiff, | : Magistrate Judge Peter B. Silvain, Jr. |
| | : (by full consent of the parties) |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ENTRY**

This case is before the Court for a second time. Plaintiff Bobbie J. brings this case challenging the Social Security Administration's most recent denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. # 10), the Commissioner's Memorandum in Opposition (Doc. #13), Plaintiff's Reply (Doc. # 14), Plaintiff's Brief on Issue of *Lucia* (Doc. #18), the Commissioner's Response to Plaintiff's Brief on the Issue of Lucia (Doc. #19), and the administrative record (Doc. #5).

**I.  Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*,

---

[1] Pursuant to General Order 22-01 due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to [plaintiff]s only by their first names and last initials.

476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on October 28, 2014, alleging disability due to several impairments, including Hepatitis C, high blood pressure, a heart condition, an anxiety disorder, sleep apnea, chronic back problems, and a learning disability. After Plaintiff's application was denied initially and upon reconsideration, he requested a hearing, which was held on July 26, 2016, before Administrative Law Judge (ALJ) Gregory G. Kenyon. (Doc. #5-2, *PageID* #s 57-83). Following this hearing, ALJ Kenyon concluded Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review, and he filed an action before this Court.

Upon a Joint Stipulation of the Parties, this Court remanded the case to the Commissioner. (Doc. #5-15 at *PageID* #s 2014-20). On remand, a second hearing was held before ALJ Kenyon on October 3, 2019. (Doc. #5-14, *PageID* #s 1948-1981). Thereafter, ALJ Kenyon issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1: Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of July 1, 2001 through his date last insured of September 30, 2019.

Step 2: Through the date last insured, Plaintiff had the following severe impairments: a history of gout, osteoarthritis of the right knee, hypertension, obesity, depression, anxiety, and borderline intellectual functioning.

Step 3: Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), through the date last insured, consisted of "light work … subject to following additional limitations: (1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) occasional use of the left lower extremity for pushing, pulling, and operating foot controls; (5) frequent use of the right upper extremity for handling and fingering; (6) [Plaintiff] is limited to performing unskilled, simple, repetitive tasks; (7) [Plaintiff] can have occasional and superficial contact with co-workers, supervisors, and the public (superficial contact is defined as retaining the ability to receive simple instructions, ask simple questions and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (8) no fast paced production work or jobs which involve strict production quotas; (9) [Plaintiff] is limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next; and (10) no jobs involving written instructions."

Through the date last insured, Plaintiff was unable to perform his past relevant work as a pizza deliverer, a service parts driver, or as a cook's helper.

Step 5: Through the date last insured, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Doc. #5-14, *PageID* #s 1931-38). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability at any time from July 1, 2001, the alleged onset date, through September 30, 2019, the date last insured. *Id.* at 1938.

3

The evidence of record is adequately summarized in the ALJ's decision (Doc. #5, *PageID* #s 1929-37), Plaintiff's Statement of Errors (Doc. #10), and the Commissioner's Memorandum in Opposition (Doc. #13). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.     Discussion

In his Statement of Errors, Plaintiff raises several issues with the ALJ's decision, including that the ALJ (1) failed to meaningfully account for and discuss Plaintiff's extreme obesity; (2) failed to adequately and reasonably weight the opinions of record; (3) made unsupported findings regarding Plaintiff's symptoms; and (4) was not supported by substantial evidence. (Docs. #10 and 14).  Additionally, Plaintiff raises an Appointments Clause challenge in Plaintiff's Brief on *Lucia* Issue, asserting that this case should be remanded to remedy the constitutional violation he suffered. (Doc. #18).  In response, the Commissioner maintains that the ALJ did not commit the errors alleged by Plaintiff and that the current case under review did not involve an unconstitutional appointment, thereby making Plaintiff's request for a remand as a remedy for this violation inapplicable. (Doc. #s 13, 19).  For the reasons that follow, the undersigned finds that Plaintiff appropriately raised an Appointments Clause challenge and that the appropriate remedy is to remand this matter to a new, properly appointed ALJ.

Previously, the Court had requested briefing in light of the Supreme Court's recent decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).  In *Lucia*, the Supreme Court determined that the ALJs of the Securities and Exchange Commission ("SEC") qualified as "Officers of the United States," therefore being subject to the Appointments Clause of the Constitution.  *Id*. at 2053-55.  As the SEC ALJs were appointed by a staff member and not the President, a Court of Law, or a Head of the Department, the Court held their appointment to be unconstitutional.  *Id.*  The Supreme Court also found that the "appropriate" remedy for an adjudication tainted with such a violation is a "new

hearing before a properly appointed official." *Id*. at 2055. (quoting *Ryder v. U.S.,* 115 S.Ct. 2031, 2033 (1995)) (internal quotation marks omitted).

Given the analogous means of appointing Social Security Administration ("SSA") ALJs, the Supreme Court recently applied *Lucia's* holding to SSA ALJs in *Carr v. Saul*, 141 S. Ct. 1352, 1356 (2021). In so holding, the Supreme Court also found that administrative issue exhaustion of Appointments Clause challenges is not required in social security claims. *Id*. As a result, plaintiffs need not challenge the constitutionality of an SSA ALJ's appointment while the case is at the administrative level but may raise it for the first time while the case is pending before the federal courts. *Id*.

In response to this Court's Order for briefing on the matter, the Plaintiff asserts that a remand pursuant to *Lucia* is necessary while the Commissioner maintains that there is no constitutional issue present. (Doc. #s 18, 19). As noted previously, Plaintiff's first hearing in this matter was held on July 26, 2016 before ALJ Kenyon. (Doc. #5-2, *PageID* #s 57-83). Like the ALJ in *Lucia*, ALJ Kenyon was not appointed by the President, a court of law, or a head of department at the time of this hearing or at the time of his decision on October 21, 2016 and, therefore, was not a properly appointed official. *See Lucia*, 138 S.Ct. at 2053; Soc. Sec. R. 19-1p, 2019 WL 1324866 (Soc. Sec. Admin. March 15, 2019). Ultimately, however, this case was remanded at the request of the parties where ALJ Kenyon held a second hearing on October 3, 2019. (Doc. #5-14, *PageID* #s 1948-1981). By the time this second hearing occurred, ALJ Kenyon's appointment as an ALJ was ratified by the Commissioner of the SSA. *See* Soc. Sec. R.

19-1p (confirming that the Commissioner of the SSA ratified the appointments of SSA ALJs on July 16, 2018).

Here, Plaintiff argues that, regardless of ALJ Kenyon's constitutional status at the time of his second hearing, Plaintiff is entitled to relief for an Appointments Clause violation because ALJ Kenyon was not properly appointed as required under the Appointments Clause at the time of his first hearing on July 26, 2016 or decision on October 21, 2016. (Doc. #18). In contrast, the Commissioner alleges that ALJ Kenyon's constitutional status during the first hearing and decision is "of no moment because the ALJ's prior 2016 decision was vacated" when it was remanded for a new hearing in 2019. (Doc. #19, *PageID* #2873) (record citation omitted). Instead, the Commissioner stresses that the only decision currently under review is the ALJ's decision on November 26, 2019. *Id*. at 2873-74. Thus, since Plaintiff ultimately received a full, new hearing and decision from a properly appointed ALJ Kenyon on remand, the Commissioner maintains that no constitutional defect is present. *Id*.

Upon review of the parties' arguments and the relevant case law, the undersigned finds that Plaintiff has appropriately raised an Appointments Clause challenge, which has gone unremedied, and is, therefore, entitled to a new hearing before a properly appointed ALJ, who is not ALJ Kenyon. This Court's prior decision in *Welch* instructive. *See Welch v. Comm'r of Soc. Sec.*, No. 2:20-CV-1795, 2021 WL 1884062, at *2 (S.D. Ohio May 11, 2021) (Preston Deavers, M.J.), *report and recommendation adopted*, No. 2:20-CV-1795, 2021 WL 2142805 (S.D. Ohio May 26, 2021) (Morrison, D.J.). Similar to the case at hand, the plaintiff in *Welch* was first denied disability benefits by an unconstitutionally appointed ALJ in 2016. *Id*. at *2–3. The plaintiff

appealed the decision to the District Court, and the case was ultimately remanded to the same ALJ following the parties' joint request to remand. *Id*. at *2. Citing to *Lucia*, the plaintiff requested her case be transferred to a different ALJ, but her request was denied. *Id*. Thus, the case remained with the same ALJ who then denied her requests for benefits for a second time in 2020. *Id*. at *1-2. Thereafter, the plaintiff appealed this denial and argued, *inter alia*, that the ALJ's unconstitutional appointment from the first hearing and decision in 2016 constituted an Appointments Clause violation, which was not remedied because the remand hearing was conducted by the same ALJ, despite then being properly appointed. *Id*. at *2-3. On appeal before this Court, Magistrate Judge Preston Deavers agreed with the plaintiff, reasoning that "[b]ecause [the ALJ] initially heard and ruled upon [p]laintiff's claim, he could not un-ring that bell and 'be expected to consider the matter as though he had not adjudicated it before.'" *Id*. at *5 (*quoting Lucia*, 138 S. Ct. at 2055).

Here, the Commissioner argues that *Welch* should not be relied upon because "in concluding that the plaintiff could bring an Appointments Clause challenge tied to a vacated judgment, the *Welch* court did not recognize that a vacated judgment has 'no legal effect.'" (Doc. #19, *PageID* #2875) (citing *Zuniga v. Comm'r of Soc. Sec*., 777 F. App'x 870, 871 (11th Cir. June 28, 2019) (per curiam) (quoting *U.S. v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002))).

Contrary to the Commissioner's contentions, the undersigned does not find the link to the vacated judgment sufficient to distinguish the violation and remedy identified in *Lucia.* In holding that the "appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official[,]" the Supreme Court further elaborated that:

> The official cannot be Judge Elliot, even if he has by now received (or receives sometime in the future) a constitutional appointment. Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled.

*Lucia*, 138 S.Ct. at 2055 (footnotes and internal quotations omitted). This logic is equally applicable in the case at hand. The fact that ALJ Kenyon's 2016 decision was vacated and is legally void does not change the fact that he had already both heard and issued an initial decision on the merits in Plaintiff's case. While the Commissioner would have this Court believe that Plaintiff's case is distinguishable because the "prior decision was vacated on the merits and remanded in light of the flaws of the original decision[,]" (Doc. #19, *PageID* #2876), the Court notes that the case was actually remanded pursuant to the joint request of the parties and, as a result, no flaws were identified to ALJ Kenyon in the 2019 remand order. (*See* Doc. #5-15 at *PageID* #s 2014-2020). Thus, like Judge Elliot in *Lucia*, ALJ Kenyon could not have been "expected to consider the matter as though he had never adjudicated it before." *Lucia*, 138 S.Ct. at 2055. As a result, Plaintiff's current Appointments Clause challenge represents a constitutional defect that warrants the remedy prescribed by the Supreme Court: remand for a new hearing before a constitutionally appointed ALJ, who is not ALJ Kenyon. *Id*.; *accord Elissa K. v. Comm'r of Soc. Sec.*, No. C20-5956-SKV, 2021 WL 4452849, at *1 (W.D. Wash. Sept. 29, 2021); *James R. v. Comm'r of Soc. Sec.*, No. C20-5632-SKV, 2021 WL 4520560, at *2 (W.D. Wash. Oct. 4, 2021).

Finally, the undersigned stresses the intended goals of *Lucia's* remedy—to support the structural purposes of the Appointments Clause and "to create '[]incentive[s] to raise Appointments Clause challenges.'" *Lucia*, 138 S. Ct. at fn.5 (quoting *Ryder*, 115 S.Ct. at 2033).

9

Thus, in light of these principles, on remand, the new ALJ should be sure to render her *de novo* decision completely independent of any previous finding by ALJ Kenyon.

Based on the foregoing, Plaintiff's argument is well taken.[2]

## IT IS THEREFORE ORDERED THAT:

1. The Commissioner's non-disability finding is vacated;

2. No finding is made as to whether Plaintiff Bobbie J. was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g) and *Carr v. Saul*, 141 S.Ct. 1352 (2021), for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the docket of this Court.

**IT IS SO ORDERED.**

March 30, 2022
　　　　　　　　　　　　　　　　　　　*s/Peter B. Silvain, Jr.*
　　　　　　　　　　　　　　　　　　　Peter B. Silvain, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.